UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

MICHAEL ACEVEDO,                    )
                                    )
        Petitioner,                 )
                                    )
v.                                  )          Case Nos. 1:05-cr-17 / 1:10-cv-46
                                    )          Judge Edgar
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

## MEMORANDUM AND ORDER

Federal prisoner Michael Acevedo moves pursuant to 28 U.S.C. § 2255 for post-conviction

relief. [Court Doc. No. 24]. After reviewing the record, the Court concludes that the motion will be

denied and dismissed with prejudice. The record conclusively shows that the motion is without

merit and Acevedo is not entitled to any relief under § 2255. There are no material issues of fact

in dispute and there is no need for an evidentiary hearing.

## I.    Facts and Procedural History

On October 30, 2008, Acevedo, pleaded guilty to Counts Two and Three of the indictment.

Count Two charged him with aiding and abetting attempted armed robbery in violation of 18

U.S.C. § 1951 and 18 U.S.C. § 2(a) and (b). He was charged in Count Three with using and carrying

a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i).

During his rearraignment hearing, the following undisputed summary of facts was presented

to the Court by the United States Attorney to support Acevedo's guilty plea:

> On November 12, 2003, officers from the Red Bank Police Department
> interrupted a robbery at the Blockbuster Video store in Red Bank, Tenn-
> essee. Employees were about to close the store at midnight when a clerk
> noticed two suspicious men inside. The two wandered around the store

1

for some time, then approached the counter, ostensibly to rent a movie. One said he left his ID in the car, and the other ran out of the store. The first stalled the clerk; then the second man came back into the store, grabbed the first, and said something to him in Spanish. The two men then hurried out of the store together. The police arrived moments later and saw Acevedo, who matched the description given by the clerks. Acevedo immediately began to run when he saw the police. He was apprehended nearby with several items that were consistent with a robbery. Acevedo dropped a .380 caliber handgun during the foot chase with police.

Acevedo admits that he and another individual conspired and attempted to rob the Blockbuster Video store. Acevedo admits that he took a substantial step in the robbery of the Blockbuster Video.

[Transcript of Rearraignemt Hearing, pp. 23-24]. When Acevedo was arrested, police officers searched him and found a vial of cocaine plus a pair of latex gloves. The police also found a roll of duct tape in the area where they first observed Acevedo standing near the store.

Based on these facts Acevedo admitted under oath that he was guilty on Counts Two and Three. This Court carefully examined Acevedo pursuant to Fed. R. Crim. P. 11 to make certain that he was entering a voluntary and intelligent guilty plea. The Court determined that there was valid factual basis for the guilty plea.

The presentence investigation report (PSR) provides the following factual summary of Acevedo's offense conduct:

5. On October 6, 2002, Faith Lacey, Benjamin Valdez and a third individual (whose identity is unknown) discussed robbing the Blockbuster Video store on Highway 58 in Chattanooga, Tennessee. Ms. Lacey was employed at the store at the time and was living with Mr. Valdez and Jose Perez on Woodmont Drive in Chattanooga.

6. On August 20, 2003, Mr. Perez purchased two Hi-Point .380 caliber pistols from G and N Gun and Pawn on Lee Highway in Chattanooga.

7. On November 12, 2003, Red Bank, Tennessee, Police officers were called to the Blockbuster Video store on Dayton Boulevard by store clerks who reported that two customers were acting suspiciously. As the subjects were

preparing to check out, one of them went to the parking lot, then returned and said something in Spanish to the other subject. At that point, both subjects fled the store and the employees locked the doors behind them. When officers arrived on the scene, the employees were able to describe the clothing the subjects were wearing and officers located Mr. Acevedo in the parking lot. Acevedo fled on foot and officers were able to subdue him after a lengthy chase. While he was running, Acevedo dropped something. Officers later retrieved a loaded Hi-Point .380 caliber pistol (serial number P984760—one of the pistols purchased by Mr. Perez on August 20, 2003). During a search of Mr. Acevedo, officers recovered a vial of cocaine and a pair of latex gloves. Beside a dumpster near the store, where officers first saw Acevedo standing, was a roll of duct tape. Mr. Acevedo was processed at the Hamilton County Jail and released the same day.

8. On November 16, 2003, Jose Perez reported to East Ridge Police officers that his two Hi-Point .380 caliber pistols had been stolen from his garage on Woodmont Drive. East Ridge officers found no forced entry into the garage and Mr. Perez was unable to provide names of any potential suspects. He said he had not see the guns since October 31, 2003, when he was leaving town on a truck driving route.

9. Around 12:10 on the morning of November 21, 2003, the store manager believes Michael Acevedo attempted to enter the Blockbuster Video store on Dayton Boulevard which he had previously endeavored to rob. The store was closed at the time. The store manager had locked the doors moments before, with assistance from a Red Bank Police officer. Several minutes after the manager locked the doors, an individual the manager believed to be Mr. Acevedo appeared at the doors and attempted to convince the manager to open the door. He left the area when she refused. She later realized that the individual appeared to be the same person who had attempted to rob the store on November 12, 2003, and she notified police.

(PSR, pp. 3-4).

Acevedo was represented by counsel at his guilty plea/rearraignemt hearing under Fed. R. Crim. P. 11 and during the sentencing process. Acevedo and his counsel did not raise any objections to the PSR and the summary of the factual basis for the guilty plea.

In calculating the advisory guideline range under United States Sentencing Guidelines, the probation officer determined that the attempted robbery on Count Two yielded a base offense level

3

of 20. Acevedo possessed a firearm during the course of the attempted robbery and ordinarily 5 more levels would have been added to the base offense level under U.S.S.G. § 2B3.1(b)(2)(C). However, because Acevedo was also convicted on Count Three of violating 18 U.S.C. § 924(c)(1)(A), the probation officer pursuant to Application Note 4 to U.S.S.G. § 2K2.4 did not apply the specific offense characteristic for possession of a firearm. Allowing a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, Acevedo's total offense level was 17 on the attempted robbery under Count Two. He had five prior convictions resulting in 6 criminal history points and a criminal history category of III. The guideline range on Count Two was 30 - 37 months. The conviction on Count Three for violating 18 U.S.C. § 924(c)(1)(A) required a mandatory consecutive term of 60 months imprisonment. The total effective guideline range on Counts Two and Three combined was 90 - 97 months.

During the sentencing hearing on March 11, 2009, Acevedo stated that he had reviewed the PSR with his counsel. Acevedo and his counsel had no objections to the PSR. Acevedo waived any objections to the PSR. Because Acevedo did not object to the facts set forth in the PSR, he is deemed to have admitted those facts. *United States v. McCormick,* 401 F.3d 29, 33 (6th Cir. 2010); *United States v. Moore,* 582 F.3d 641, 644 (6th Cir. 2009); *United States v. Vonner,* 516 F.3d 382, 384-85 (6th Cir. 2008) (en banc); *United States v. Adkins,* 429 F.3d 631, 632-33 (6th Cir. 2005).

This Court sentenced Acevedo to imprisonment for a total term of 90 months. The sentence consists of 30 months on Count Two and 60 months on Count Three, to be served consecutively. The judgment of conviction was entered on March 16, 2009. [Court Doc. No. 22]. Acevedo did not take a direct appeal to the Sixth Circuit Court of Appeals.

4

## II.    Claims in § 2255 Motion and Petitioner's Reply Brief

In his § 2255 motion, Acevedo challenges his 30 month sentence of imprisonment on Count Two for attempted armed robbery. Acevedo contends that his guideline range on Count Two was incorrectly calculated in the PSR and the Court committed plain error by adopting the PSR. It is argued that Acevedo was erroneously sentenced to a greater term of imprisonment on Count Two than if the PSR had been correct. He argues that the Court failed to allow a three-level reduction for an attempt pursuant to U.S.S.G. § 2X1.1(b)(1). Acevedo wants the PSR to be corrected and his guideline range lowered on Count Two based on U.S.S.G. § 2X1.1(b)(1). He requests to be resentenced on Count Two.

The precise nature and extent of Acevedo's motion for relief under § 2255 is muddled as a result of new claims and arguments in his reply brief. [Court Doc. No. 31]. The government argues that Acevedo's claim that the Court committed plain error by not applying U.S.S.G. § 2X1.1(b)(1) when calculating the offense level and guideline range on the attempted robbery conviction on Count Two should be dismissed on the ground that it is procedurally defaulted. [Court Doc. No. 28, pp. 4-5]. It is procedurally defaulted because Acevedo did not raise this U.S.S.G. § 2X1.1(b)(1) sentencing issue on direct appeal to the Sixth Circuit Court of Appeals. The government asserts that Acevedo has not shown cause for the procedural default and prejudice.

In his reply brief [Court Doc. No. 31], Acevedo seeks to counter the government's procedural default argument by raising new claims of ineffective assistance of counsel and actual innocence which are not pleaded in his § 2255 motion. Acevedo in his reply brief argues for the first time that he was deprived of his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. Acevedo contends that his counsel was ineffective for failing to

5

make a contemporaneous objection to the PSR during sentencing and for not raising on direct appeal the issue that his offense level on Count Two should be reduced based on U.S.S.G. § 2X1.1(b)(1). Acevedo claims ineffective assistance of counsel in an effort to show cause to excuse his procedural default. Acevedo has not amended his § 2255 motion to formally plead ineffective assistance of counsel as a ground for relief.

Next, Acevedo in his reply brief for the first time raises new claims of actual innocence concerning his convictions on both Counts Two and Three. With regard to his conviction on Count Two for attempted armed robbery in violation of 18 U.S.C. § 1951, Acevedo claims actual innocence primarily for the purpose of excusing his procedural default on the claim that the District Court committed plain error during sentencing by not applying U.S.S.G. § 2X1.1(b)(1).

Acevedo in his reply brief for the first time argues that he is actually innocent under Count Three for using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Acevedo did not plead this actual innocence claim his § 2255 motion. Acevedo has not amended his § 2255 motion to make an actual innocence claim regarding Count Three and it exceeds the scope of his § 2255 motion.

Acevedo in effect seeks to make a late amendment to his § 2255 motion by raising these new claims of actual innocence. To fully resolve and dispose of the § 2255 motion, the Court will address all of Acevedo's claims and arguments, including those contained in his reply brief.

III. **Standard of Review**

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked

jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack.

As a threshold standard to relief a § 2255 motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Acevedo bears the burden of establishing an error of federal constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The claim that this Court committed plain error by not applying U.S.S.G. § 2X1.1(b)(1) when calculating the offense level and guideline range on the attempted robbery conviction on Count Two concerns an alleged nonconstitutional sentencing error. To obtain relief under § 2255 for a nonconstitutional error, Acevedo must establish either: (1) a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice; or (2) an error so egregious that it amounts to a violation of due process. *Reed*, 512 U.S. at 353-54; *Hill v. United States*, 368 U.S. 424, 428 (1962); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Grant v. United States,* 72 F.3d 503, 505-06 (6th Cir. 1996). Where nonconstitutional issues are at stake, there is no basis

for allowing a collateral attack under § 2255 to do service for a direct appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant,* 72 F.3d at 506.

The Court finds that Acevedo has not met his burden of showing that he is entitled to any relief under 28 U.S.C. § 2255. Acevedo has not established an error of federal constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. With respect to his nonconstitutional claim of a sentencing error on Count Two, Acevedo has not established that there was either a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. The bottom line is that there was no sentencing error.

## IV.    Count Two: Attack on Validity of Guilty Plea and Claim of Actual Innocence

With regard to his conviction on Count Two for attempted robbery in violation 18 U.S.C. § 1951, Acevedo attacks the validity of his guilty plea and claims actual innocence. Acevedo did not challenge the validity of his guilty plea on direct appeal.

Acevedo contends that his actions do not constitute an attempted robbery under 18 U.S.C. § 1951 because there is no evidence that actual or threatened force, violence, or fear happened in this case. This argument fails because Acevedo pleaded guilty and was convicted of attempted robbery under § 1951, not the underlying substantive offense of robbery. To be guilty and convicted of attempted robbery, it is not necessary for the government to prove that actual or threatened force, violence, or fear of injury occurred. The government need only prove that Acevedo attempted to commit the robbery. To support Acevedo's guilty plea, the facts do not have to establish that actual or threatened force, violence, or fear of injury occurred.

Next, Acevedo contends that to prove the attempted robbery charge, the government must

8

show he acted with the specific intent to commit the robbery and he took a substantial step toward committing the robbery. *United States v. Wesley*, 417 F.3d 612, 618-20 (6th Cir. 2008). Acevedo argues it is impossible to prove that he is guilty of attempted robbery in violation of 18 U.S.C. § 1951 because all he did was go into the Blockbuster Video store to rent a movie and he walked out of the store when he could not find his identification. He says these facts cannot prove that he intended to commit the robbery and took a substantial step toward committing the robbery. Acevedo argues that his guilty plea was not voluntary and intelligent since he pleaded guilty to conduct which does not constitute a crime under § 1951, and he did not understand the applicable law in relation to the facts. Acevedo seeks to rely on *Bousley v. United States,* 523 U.S. 614(1998) and *Waucaush v. United States*, 380 F.3d 251 (6th Cir. 2004).

This argument fails. Acevedo cannot obtain relief under 28 U.S.C. § 2255 based solely on a claim of actual innocence. Generally, actual innocence is not itself a viable, freestanding claim under the United States Constitution. Actual innocence is only a gateway through which a habeas petitioner must pass to have an otherwise barred federal constitutional claim considered on the merits. *Schlup v. Delo,* 513 U.S. 298, 315 (1995); *Hererra v. Collins,* 506 U.S. 390, 404 (1993); *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *United States v. Gibbs*, 655 F.3d 473, 477 (6th Cir. 2011); *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010); *United States v. Garth*, 188 F.3d 99, 108 (3rd Cir. 1999).

The issue of actual of innocence ordinarily arises in the context of a habeas petitioner's efforts to excuse or overcome a procedural default on a federal constitutional claim, or to invoke the doctrine of equitable tolling of a statute of limitation. *Turner v. Romanowski*, 409 Fed. Appx. 922, 926-27 (6th Cir. 2011); *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005); *Anderson v.*

*Bauman*, 2011 WL 4954076, * 2 (W.D. Mich. Oct. 17, 2011); *Gresham v. Capello*, 2010 WL 1692961 (W.D. Mich. April 26, 2010); *Taylor v. Woods*, 2010 WL 502714 (W.D. Mich. Feb. 5, 2010).

Acevedo's claim of actual innocence arises in the context of his attack on the validity of his guilty plea and his procedural default for not challenging the validity of his guilty plea on direct appeal. A voluntary and intelligent plea of guilty by an accused person, who has been advised by competent counsel, may not be collaterally attacked on habeas review under 28 U.S.C. § 2255. *Bousley,* 523 U.S. at 621; *see also Mabry v. Johnson,* 467 U.S. 504, 508 (1984). A guilty plea comports with due process and is constitutionally valid only to the extent that it is voluntary and intelligent. *Bousley,* 523 U.S. at 618; *Brady v. United States,* 397 U.S. 742, 748 (1970).

Acevedo contends that his guilty plea on Count Two was not voluntary and intelligent because he pleaded guilty to conduct which does not constitute a crime under 18 U.S.C. § 1951 and he did not understand the law in relation to the facts. This constitutes a claim by Acevedo that his constitutional right to due process of law was violated. Such a due process claim is cognizable under 28 U.S.C. § 2255. *Bousley,* 523 U.S. at 623; *Waucaush*, 380 F.3d at 258-59; *Garth*, 188 F.3d at 108. The problem here is that this due process claim is procedurally defaulted because Acevedo did not raise it on direct appeal. Acevedo cannot show either cause and prejudice to excuse the procedural default or actual innocence.

Generally, the voluntariness and intelligence of Acevedo's guilty plea can be attacked under 28 U.S.C. § 2255 only if it is first challenged on direct appeal. Habeas review is an extraordinary remedy and cannot do service for a direct appeal. *Bousley,* 523 U.S. at 621; *Reed*, 512 U.S. at 354. Because Acevedo did not challenge the validity of his guilty plea on direct appeal, the claim is

10

procedurally defaulted. *Bousley,* 523 U.S. at 621. Acevedo can raise the procedurally defaulted due process claim attacking the validity of his guilty plea under § 2255 only if he can first demonstrate either: (1) cause and prejudice to excuse the procedural default; or (2) actual innocence on the charge of attempted robbery under 18 U.S.C. § 1951. *Bousley,* 523 U.S. at 621; *VanWinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011); *Waucaush,* 380 F.3d at 254; *Peveler v. United States,* 269 F.3d 693, 698 (6th Cir. 2001).

The Court finds that Acevedo has not met his burden of showing cause and prejudice to excuse the procedural default. The procedural default was not caused by ineffective assistance of counsel. Ineffective assistance of counsel occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004).

*Strickland* established a two-part test for deciding Sixth Amendment claims of ineffective assistance of counsel. First, Acevedo must establish that his attorney's performance was deficient, i.e. fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003). The Court's scrutiny of the reasonableness of defense counsel's performance is highly deferential. Counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Wickline,* 319 F.3d at 819.

Second, Acevedo is required to demonstrate that his counsel's deficient performance has caused him to suffer actual prejudice. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Wickline,* 319 F.3d at 819. The prejudice component focuses on the question whether counsel's deficient performance renders the result of the criminal proceeding unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372. To satisfy the prejudice element, Acevedo must show there is a reasonable probability that, but for the errors and deficient performance of his attorney, the result of the criminal proceeding would have been different and more favorable to him, i.e. he would not have pleaded guilty and would not have been convicted on Count Two. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 693-94; *Wickline,* 319 F.3d at 819.

The Court finds that Acevedo has not met his burden of demonstrating either prong of the *Strickland* test. Acevedo cannot show that his procedural default by not challenging the validity of his guilty plea on direct appeal was caused by ineffective assistance of counsel. The performance of Acevedo's counsel was reasonable under the circumstances. Acevedo entered a voluntary and intelligent guilty plea on Count Two, and there is no reason why Acevedo's counsel should have challenged the validity of the guilty plea on direct appeal. There was no viable ground for a direct appeal. Acevedo's counsel is not ineffective for "failing" to raise and pursue a meritless argument. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *Brain v. United States*, 2011 WL 1343344, * 11 (E.D. Tenn. April 8, 2011).

Counsel's performance did not cause any actual prejudice to Acevedo because his voluntary and intelligent guilty plea was entirely valid. There was a valid factual and legal basis for the guilty plea on Count Two. The facts establish that Acevedo committed the attempted robbery in violation

12

18 U.S.C. § 1951. Accordingly, Acevedo's challenge to the validity of his guilty plea is barred by the procedural default, and he fails to show cause and prejudice to excuse or overcome the procedural default.

The record conclusively shows that Acevedo is not actually innocent on Count Two. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley,* 523 U.S. at 623; *Schlup,* 513 U.S. at 321; *VanWinkle,* 645 F.3d at 369.

18 U.S.C. § 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(b)(1) provides:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or anyone in his company at the time of the taking or obtaining.

It is crystal clear from the record that Acevedo's actions and conduct constitute an attempted robbery in violation of 18 U.S.C. § 1951. He is not actually (factually) innocent. Acevedo did more than merely go into the Blockbuster store to rent a movie and walk out when he could not find his identification. When he entered his guilty plea, Acevedo admitted under oath that he planned and intended to commit a robbery. He made all necessary preparations to commit the robbery. Acevedo admitted that he entered the store carrying the firearm for the purpose of committing the robbery. Acevedo admitted during his guilty plea that he acted with the intent to commit the robbery and he

took a substantial step toward committing the robbery. This is more than sufficient to support his guilty plea and conviction for attempted robbery in violation of § 1951.

In sum, the Court completely rejects Acevedo's claim that his guilty plea was not voluntary and intelligent, his conduct does not constitute an attempted robbery in violation of 18 U.S.C. § 1951, and he did not understand the applicable law in relation to the facts. After being advised by competent counsel, Acevedo entered a voluntary and intelligent plea of guilty. There is a valid factual and legal basis for the guilty plea. Acevedo is not actually innocent on Count Two. There is no violation of his constitutional right to due process of law. Acevedo cannot collaterally attack the validity of his guilty plea and obtain post-conviction relief under § 2255. *Bousley,* 523 U.S. at 621.

## V.  Count Three: Attack on Validity of Guilty Plea and Claim of Actual Innocence

The same framework of analysis applies to Acevedo's claim regarding Count Three. Acevedo attacks the validity of his guilty plea on Count Three and claims actual innocence. He asserts that his actions do not constitute a violation of 18 U.S.C. § 924(c)(1)(A). Acevedo argues that his guilty plea was not voluntary and intelligent since he pleaded guilty to conduct which does not constitute a crime under § 924(c)(1)(A) and he did not understand the applicable law in relation to the facts. Acevedo again seeks to rely on *Bousley,* 523 U.S. 614, and *Waucaush*, 380 F.3d 251. This constitutes a claim by Acevedo that his constitutional right to due process of law was violated.

This due process claim must be dismissed. Acevedo did not challenge the validity of his guilty plea on direct appeal to the Sixth Circuit Court of Appeals and this claim is procedurally defaulted. *Bousley,* 523 U.S. at 621. Acevedo can raise the procedurally defaulted claim attacking the validity of his guilty plea under 28 U.S.C. § 2255 only if he first demonstrates: (1) cause and

prejudice to excuse the procedural default; or (2) actual innocence on the charge of violating 18 U.S.C. § 924(c)(1)(A). *Bousley,* 523 U.S. at 621; *VanWinkle,* 645 F.3d at 369; *Waucaush*, 380 F.3d at 254; *Peveler,* 269 F.3d at 698.

Acevedo has not met his burden of demonstrating either cause and prejudice to excuse the procedural default or actual innocence. Acevedo cannot show that his procedural default by not challenging the validity of his guilty plea on direct appeal was caused by ineffective assistance of counsel. The performance of Acevedo's counsel was reasonable. Acevedo entered a voluntary and intelligent guilty plea on Count Three, and there is no reason why Acevedo's counsel should have challenged the validity of the guilty plea on direct appeal. There was no viable ground for a direct appeal. The lack of a direct appeal has not caused any prejudice to Acevedo.

Moreover, Acevedo has not met his burden of showing that he is actually innocent on Count Three. 18 U.S.C. § 924(c)(1)(A)(i) provides in pertinent part that any person who, during and in relation to a crime of violence for which the person may be prosecuted in a court of the United States, uses or carries a firearm, shall in addition to the punishment provided for such crime of violence be sentenced to a term of imprisonment of not less than five years. To obtain a conviction under § 924(c)(1)(A), the government is not required to prove that a firearm was both used and carried during and in relation to a crime of violence. There can be a conviction if the firearm was either used or carried. Acevedo can be convicted under 18 U.S.C. § 924(c)(1)(A) if he either used or carried the firearm during and in relation to the crime of violence.

The undisputed facts establish that Acevedo carried the firearm during and in relation to the crime of violence, namely the attempted armed robbery of the Blockbuster Video store in violation of 18 U.S.C. § 1951 to which he pleaded guilty and now stands convicted under Count Two. During

the attempted armed robbery, Acevedo was carrying the loaded Hi-Point .380 caliber pistol. The facts support a valid guilty plea and conviction on Count Three for carrying the firearm in violation of 18 U.S.C. § 924(c)(1)(A). Acevedo is guilty and he has been properly convicted under the "carry" prong of § 924(c)(1)(A).

Acevedo has not presented any new reliable evidence to show that he is actually innocent. He does not deny carrying the firearm. Instead, Acevedo focuses his attention exclusively on the "use" prong of § 924(c)(1)(A). Acevedo argues that he is actually innocent because the firearm was never used and no violence occurred during the attempted robbery. [Court Doc. No. 31, pp. 4-5]. He cites *Bailey v. United States*, 516, U.S. 137, 143-151 (1995) for the proposition that the term "use" in 18 U.S.C. § 924(c)(1)(A) is defined as the active employment of a firearm. The use of a firearm includes brandishing, displaying, bartering, striking with, firing, or attempting to fire a firearm. *Bailey*, 516 U.S. at 148.

While it may be accurate to say that Acevedo could not be convicted under the "use" prong of 18 U.S.C. § 924(c)(1)(A), this is not enough to make out a viable claim of actual innocence. Acevedo completely ignores and disregards the alternative "carry" prong § 924(c)(1)(A). Acevedo overlooks the fact that he carried the firearm during and in relation to the crime of violence which is a violation of § 924(c)(1)(A). The Supreme Court in *Bailey* recognizes that a person can be convicted under § 924(c)(1)(A) if he either uses or carries a firearm. *Bailey*, 516 U.S. at 150-51; *see also United States v. Williams*, 138 Fed. Appx. 743, 746 (6th Cir. 2005); *United States v. Clark*, 41 Fed. Appx. 745, 748 (6th Cir. 2002). Acevedo is guilty and he has been properly convicted under § 924(c)(1)(A) for carrying the firearm, even though the firearm was never "used" under the holding in *Bailey*. He is not actually innocent.

## VI.     Claim of Sentencing Error and Guideline Miscalculation on Count Two

Acevedo claims there was a sentencing error when U.S.S.G. § 2X1.1(b)(1) was not applied to reduce his offense level and guideline range on the attempted robbery conviction on Count Two. He contends that the PSR was incorrect, and that the Court committed plain error by adopting the PSR's offense level and guideline calculations. It is argued that his base offense level of 20 should have been reduced by three levels pursuant to U.S.S.G. § 2X1.1(b)(1). He wants to be resentenced on Count Two.

### A.     Waived Claim of Nonconstitutional Sentencing Error Cannot Be Raised For First Time Under 28 U.S.C. § 2255

Acevedo did not raise this claim of nonconstitutional sentencing error on direct appeal. The claim has been waived and cannot be raised under 28 U.S.C. § 2255. Generally, such sentencing challenges must be made on direct appeal or they are waived and cannot be raised for the first time in a § 2255 motion. *Weinberger*, 268 F.3d at 351; *Grant,* 72 F.3d at 505-06. Claims of sentencing error based on alleged mistakes in the application of the federal sentencing guidelines rarely, if ever, warrant relief from the consequences of waiver under § 2255. *Grant,* 72 F.3d at 506.

Acevedo's claim of sentencing error has been waived and cannot be raised in his § 2255 motion unless he can show an error so egregious that it amounts to a violation of due process. *Jones*, 178 F.3d at 796; *Grant,* 72 F.3d at 506. The Court finds that Acevedo has not demonstrated a sentencing error so egregious that it amounts to a violation of his right to due process. There is no sentencing error because U.S.S.G. § 2X1.1(b)(1) is not applicable to the calculation of his offense level and guideline range. The facts in this case do not come close to warranting a three-level

17

reduction in the offense level under U.S.S.G. § 2X1.1(b)(1).

Relief from the waiver may be available under § 2255 if Acevedo can demonstrate that he has been deprived of his Sixth Amendment right to the effective assistance of counsel. *Weinberger*, 268 F.3d at 351; *Grant*, 72 F.3d at 506. A claim of nonconstitutional sentencing guideline error can be reviewed for the first time under § 2255 if Acevedo can show that this claim has been waived or forfeited by the lack of a direct appeal due to ineffective assistance of counsel.

The Court concludes that Acevedo cannot show that the waiver due to lack of a direct appeal has been caused by ineffective assistance of counsel. The performance of Acevedo's counsel was reasonable and did not cause him to suffer actual prejudice. There was no reason or valid ground for Acevedo's counsel to raise a contemporaneous objection during sentencing and take a direct appeal concerning the claimed sentencing error based on U.S.S.G. § 2X1.1(b)(1). There was no sentencing error.

**B.      No Sentencing Error Because U.S.S.G. § 2X1.1 Not Applicable**

Acevedo's claim of sentencing error is without merit and his effort to invoke § 2X1.1(b)(1) fails. U.S.S.G. § 2X1.1(b)(1) is not applicable to the calculation of his offense level and guideline range. The facts in this case do not warrant a three-level reduction in the offense level under U.S.S.G. § 2X1.1(b)(1).

U.S.S.G. § 2X1.1(b)(1) provides:

> If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

The Commentary to § 2X1.1 notes:
> *Background*: *In most prosecutions for conspiracies or attempts, the*

18

> *substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances a reduction of 3 levels is provided under § 2X1.1(b) (1) or (2).*

U.S.S.G. § 2X1.1(b)(1) provides for a three-level decrease unless Acevedo completed all the acts he believed necessary for successful completion of the substantive offense (robbery of the Blockbuster Video store) or the circumstances demonstrate that he was about to complete all such acts but for his apprehension by the police or interruption by some similar event beyond his control. Acevedo is not entitled to a reduction under U.S.S.G. § 2X1.1(b)(1) because he was about to complete all of the acts necessary to commit the armed robbery when he was interrupted by the arrival and intervention of the police.

Acevedo admitted that he planned to rob the store. He was carrying the firearm for the purpose of committing the robbery. Acevedo ran out of the store and fled when the police arrived. The police interrupted and prevented the planned robbery. The totality of the facts establish that Acevedo was fully prepared to follow through and complete the armed robbery but for the police officers arriving in the nick of time to interrupt the robbery. Completion of the armed robbery was imminent when the police intervened. The only act that remained uncompleted was the final act of robbery, i.e. the taking of money and property by threats, intimidation, or force. These facts do not warrant a three-level reduction under U.S.S.G. § 2X1.1. Acevedo's arguments to the contrary are frivolous.

This Court is guided by *United States v. Greenup*, 187 F.3d 638 (Table, text in 1999 WL 506978 (6th Cir. June 7, 1999)). In *Greenup,* the Sixth Circuit considered when to apply U.S.S.G.

19

§ 2X1.1(b)(1) to an attempted robbery. Defendant Greenup was caught and arrested by police inside the home of a female bank manager. Greenup admitted that he intended to take the bank manager to the bank to rob it. At the sentencing hearing, Greenup argued that he was entitled to a three-level offense reduction under U.S.S.G. § 2X1.1(b)(1). The defendant contended that even if he had not been apprehended by the police, he would still have had to take a number of additional steps to complete the bank robbery. He asserted that the additional steps would have included transporting the bank manager or her set of bank keys to the bank, gaining entry into the bank, and gaining access to the areas of the bank where the money was stored. The Sixth Circuit rejected this argument and determined that the district court had properly refused to grant a § 2X1.1(b)(1) offense level reduction. *Greenup,* 1999 WL 506978, at * 3. The Sixth Circuit relied on *United States v. Penson,* 62 F.3d 242, 245-46 (8th Cir. 1995) (upholding district court's refusal to credit defendant with a U.S.S.G. § 2X1.1(b)(1) offense level reduction where the intervention of law enforcement officers foiled completion of the criminal offense).

In the wake of *Greenup*, this Court rejects Acevedo's claim that he should have received a three-level reduction in his offense level pursuant to U.S.S.G. § 2X1.1(b)(1). The claim of sentencing error has no merit.

### C.   Claim Barred by Unexcused Procedural Default

The claim of sentencing error must also be dismissed on the additional ground that it barred by an unexcused procedural default. Acevedo could have raised the issue during sentencing and on direct appeal to the Sixth Circuit Court of Appeals but failed to do so. Acevedo's failure to present this issue on direct appeal results in a procedural default. *Gibbs,* 655 F.3d at 475; *VanWinkle,* 645 F.3d at 369; *United States v. Gibson,* 424 Fed. Appx. 461, 466 (6th Cir. 2011); *King v. United States,*

199 Fed. Appx. 524, 526 (6th Cir. 2006); *Peveler,* 269 F.3d at 698.

A motion under 28 U.S.C. § 2255 is not a substitute for a direct appeal. *Bousley,* 523 U.S. at 621; *Grant,* 72 F.3d at 506. The procedurally defaulted claim may be raised by Acevedo under § 2255 only if he can demonstrate: (1) cause for the procedural default and prejudice; or (2) actual innocence. *Bousley,* 523 U.S. at 622; *Gibbs,* 655 F.3d at 477; *VanWinkle,* 645 F.3d at 369-70; *Gibson,* 424 Fed. Appx. at 466; *Peveler,* 269 F.3d at 698.

The Court cannot excuse the procedural default based on the actual innocence exception. As discussed *supra*, Acevedo is not actually innocent on Count Two on the charge of attempted robbery in violation of 18 U.S.C. § 1951.

There is another aspect to the issue of actual innocence. When Acevedo claims there was a sentencing error and the Court miscalculated his offense level by not applying U.S.S.G. § 2X1.1(b)(1), he may be claiming that he is "actually innocent" of the sentence of 30 months imprisonment. Any such claim by Acevedo must be denied. The Sixth Circuit has held that the actual innocence exception does not permit federal prisoners to raise procedurally defaulted nonconstitutional sentencing claims challenging guidelines calculations for the first time under 28 U.S.C. § 2255. Acevedo cannot rely on the actual innocence exception in this context to excuse his procedural default. *Gibbs,* 655 F.3d 477-78; *Black v. United States*, 61 F.3d 903 (Table, text in 1995 WL 445718, * 2 (6th Cir. July 26, 1995)) (actual innocence exception does not apply if petitioner only claims that he should have received a lesser sentence and does not claim actual innocence on the criminal offense of which he was convicted).

Acevedo has not met his burden of showing cause and prejudice to excuse the procedural default. Acevedo cannot demonstrate prejudice because U.S.S.G. § 2X1.1(b)(1) is not applicable

to the calculation of his offense level and guideline range. There is no sentencing error. Acevedo cannot show cause for the procedural default based on ineffective assistance of counsel. The performance of Acevedo's counsel was reasonable. There was no basis in fact or law for Acevedo's counsel to raise a contemporaneous objection during sentencing or to take a direct appeal to make the frivolous argument that Acevedo should receive a reduction in the offense level pursuant to U.S.S.G. § 2X1.1(b)(1). Any such argument by counsel would have been without merit. Accordingly, Acevedo's claim of sentencing error is also barred by the unexcused procedural default.

**VII.** <u>**Conclusion**</u>

The motion by federal prisoner Michael Acevedo for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court Doc. No. 24] is **DENIED and DISMISSED WITH PREJUDICE**.

If Acevedo files a notice of appeal will be treated as an application for a certificate of appealability which is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b) because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal from this judgment by Acevedo would be frivolous and not taken in good faith.

A separate judgment will be entered.

SO ORDERED.

ENTERED: January 27, 2012.


    _____*/s/ R. Allan Edgar*_____
             R. ALLAN EDGAR
     UNITED STATES DISTRICT JUDGE